Rhonda K. Wood, Justice, concurring in part and dissenting in part.
Koppers, Inc. challenges--and the majority remands--the circuit court's order *377 on class certification because it does not comply with Rule 23. Although the majority is correct that the order is noncompliant, Koppers invited this error by drafting the deficient order. For this reason, I dissent in part. Rather than remand for a new order, I would reach the merits of the appeal.
The circuit court informed the parties that it decided to grant the motion to certify the class. But no findings were announced. Rather, the court's order would memorialize its reasoning. Following the court's announcement, the appellees submitted a proposed order of at least eight pages.[5] In a letter to the court, Koppers strongly objected to the appellees' lengthy submission and enclosed a proposed order of its own. Koppers's letter stated that "[i]f the Court is inclined to certify a class, the enclosed draft order correctly states the proposed class and does not include statements not properly attributable to the Court." On appeal, the appellees allege-and Koppers implicitly concedes-that the circuit court signed Koppers's proposed, one-page order.
The doctrine of invited error provides that a party cannot complain of an erroneous action that the party itself requested. E.g. , Post v. Franklin Cty. Bd. of Election Comm'rs , 375 Ark. 345, 350, 290 S.W.3d 595, 598 (2009). While Koppers certainly acted appropriately to protect its interest by objecting to the appellees' proposed order, Koppers went further by submitting and inducing the circuit court to adopt an insufficient order rather than a more fulsome one. Now on appeal, Koppers challenges as noncompliant the very order that it drafted and requested the circuit court sign. Once again, a party cannot fault an action that it induced. Riley v. State Farm Mut. Auto. Ins. Co. , 2011 Ark. 256, at 10, 381 S.W.3d 840, 847. For this reason, I dissent in part.
Womack, J., joins.

Koppers's letter references page eight of the proposed order, so we know that it was at least eight pages in length.